**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNETICUT**

CASE NO.:                           3:24-cv-01759

STEVEN RAY EISENMENGER,

     Plaintiff,

v.

UNITED STATES OF AMERICA,                    November 5, 2024

     Defendant.
_____/

**FTCA COMPLAINT FOR DAMAGES**

Plaintiff, Steven Ray Eisenmenger, by and through undersigned counsel, sues the United States of America, and alleges the following:

**JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b), as this case involves a claim for money damages against the United States for personal injury caused by the negligent and wrongful acts and omissions of government employees while acting within the scope of their employment.

2.     Venue is proper in this district under 28 U.S.C. § 1402(b) because the acts and omissions complained of occurred in this district.

3.     Pursuant to the FTCA, 28 U.S.C. § 2671, *et. seq*., on or about January 5, 2024, Plaintiff presented his claim to the appropriate federal agency for administrative settlement, Claim No. TRT-NER-2024-02310. More than six months have elapsed since the filing of the claim, and the FBOP failed to make a final disposition of the claim. This claim is therefore exhausted.

4.     This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the

appropriate federal agency within two years of accrual and this action was filed within six months of the expiration date by when the federal agency must have responded to Plaintiff's claim.

**PARTIES**

5.     Plaintiff Steven Ray Eisenmenger is a formerly incarcerated individual citizen of the United States. At all times relevant to this complaint, Plaintiff was incarcerated at the Federal Correctional Institution Danbury ("FCI Danbury") in Danbury, Connecticut.

6.     Defendant United States of America is sued for the negligent and wrongful acts and omissions of employees of the FBOP, an agency of the United States Department of Justice. The FBOP owns and operates FCI Danbury.

**FACTS**

7.     On November 13, 2022, while Plaintiff was working in the FCI Danbury kitchen, he was assaulted by FBOP Officer Tello.

8.     Prior to the assault, Officer Tello and Plaintiff had a heated verbal argument over a job position. Officer Tello refused to give Plaintiff the position, accusing him of being racist. Officer Tello asked Plaintiff if he wanted to fight and called Plaintiff an "inbred fucking hillbilly." Plaintiff refused to fight.

9.     Officer Tello then ordered Plaintiff into the officer's mess hall, took off his radio, and again ordered Plaintiff to fight him. Plaintiff again refused and walked away to return to his work station and avoid further conflict.

10.     Officer Tello followed Plaintiff to his work station, called him a "piece of shit racist," and then lunged at Plaintiff and shoulder-checked him, dislocating Plaintiff's shoulder and tearing his rotator cuff.

11.     The entire incident was captured on video. Two other FBOP officers, Officer

Espanol and Officer Leatham, witnessed the assault and reported it to their supervisors, Lieutenants Valez and MaGregor.

12.     After reviewing the video, Lieutenants Valez and MaGregor agreed that Officer Tello had assaulted Plaintiff without justification. Officer Tello was then escorted off the FCI Danbury compound.

13.     Plaintiff was not disciplined or placed in segregated housing as a result of the incident, reflecting that he had engaged in no wrongdoing.

14.     As a result of the assault, Plaintiff suffered a dislocated shoulder, torn rotator cuff, neck and back injuries, and emotional distress. His injuries required medical treatment including physical therapy, pain medication, medical devices, and specialty consultations. He continues to experience pain and limitations.

15.     FCI Danbury medical records document that Plaintiff sought treatment for his injuries, that objective imaging showed tears and damage to his shoulder, that he was prescribed treatment and assistive devices, that his injuries prevented him from working, and that he received mental health counseling for distress caused by the incident.

16.     Prior to the incident with Plaintiff, Officer Tello had a history of similar violence against inmates, resulting in him being placed on administrative leave for substantial periods. FCI Danbury administrators were aware of Officer Tello's history when they made the negligent decision to return him to his post without adequate safeguards.

**COUNT I**
**Assault and Battery**
**(v. United States of America)**

17.     Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 – 16 above.

18. Officer Tello intentionally threatened Plaintiff with physical harm and placed him in apprehension of imminent bodily harm, constituting assault under Connecticut law.

19. Officer Tello intentionally physically attacked Plaintiff in a harmful and offensive manner without consent or justification, constituting battery under Connecticut law.

20. Officer Tello's assault and battery of Plaintiff directly and proximately caused Plaintiff to suffer physical injuries, pain and suffering, emotional distress, and other compensable damages.

**COUNT II**
**Negligence**
**(v. United States of America)**

21. The allegations of paragraphs 1-16 are incorporated by reference.

22. The FBOP has a duty to protect inmates from unreasonable risks of harm and to supervise and control its correctional officers to prevent the misuse of force.

23. The FBOP breached its duty by:

    a. Failing to adequately investigate Officer Tello's prior history of violence against inmates and negligently allowing him to return to duty;

    b. Failing to restrict, monitor, and supervise Officer Tello to prevent foreseeable acts of violence based on his history;

    c. Failing to promptly intervene to prevent or stop the assault on Plaintiff that was witnessed by other officers;

    d. Failing to adequately train and supervise correctional officers on the proper use of force, de-escalation techniques, and prevention of abuse of inmates.

24.     Given Officer Tello's known history of violence which was disregarded, as well as the failure to intervene in the witnessed attack, the FBOP had notice of the problem and its failure to take preventive action was not a discretionary policy judgment subject to the discretionary function exception to FTCA liability.

25.     The FBOP's negligence directly and proximately caused Plaintiff's physical and emotional injuries and damages.

**COUNT III**
**Negligent Assault**
**(v. United States of America)**

26.     Paragraphs 1-16 are incorporated by reference.

27.     At all relevant times, Officer Tello was acting within the scope of his employment as a correctional officer for the FBOP.

28.     Officer Tello owed Plaintiff a duty of care to refrain from causing unreasonable and foreseeable risks of harm.

29.     Officer Tello breached this duty of care by negligently, carelessly, and recklessly assaulting Plaintiff without justification or proper use of force procedures.

30.     Officer Tello's negligent and wrongful acts constitute a "negligent assault" under Connecticut law, making the FBOP vicariously liable for his tortious conduct committed within the scope of employment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff claims the following:

    A.  Enter judgment against Defendant on all counts;

    B.  Award Plaintiff compensatory damages in an amount to be proven at trial; and

    C.  Grant such other and further relief as the Court deems just and proper.

Dated: November 5, 2024

Respectfully submitted,

Plaintiff Steven Ray Eisenmenger

By: /s/Alexander T. Taubes
470 James St., Ste 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com
ct30100

*His Attorney*